015-7057 Minter v. McDonald May it please the court, Kenneth Carpenter appearing on behalf of Ms. Priscilla Minter. The misinterpretation by the Veterans Court in this case involves the provisions of 38 CFR 4.16A and is shown by the following statement in the decision below. Nothing in the medical reports as a whole, however, indicate that Ms. Minter's ability to do sedentary work would be limited to protected environment such as family business or sheltered workshop or otherwise limited to positions that were not substantially gainful employment. Based upon the plain language of 4.16A, employment in a protected work environment is by the definition provided in the regulation marginal employment and specifically the regulation provides that marginal employment is not as a matter of this regulation and therefore as a matter of law substantial gainful occupation under the regulation. My problem with your argument, Mr. Carpenter, is that it seems to equate any time somebody needs special accommodations and there's a determination that they need some degree of accommodation with marginal employment and the regulation clearly limits marginal employment to a very specific kind of employment and just if someone needs an accommodation like they can't heavy lift things. I know that's not the only accommodation Ms. Minter needs. I understand the facts of this case. But if someone needs a very mild form of accommodation, that would not fall within the marginal employment category because it would be something easy to accommodate in most circumstances. I believe if I could paraphrase our argument, any time there is evidence of accommodation, the board is required to address whether or not those accommodations do or do not constitute a protected work environment. That's what did not occur here by the board. There is no mention by the board in its decision anywhere as to whether or not the numerous accommodations that are identified in the record, by my count there are at least eight significant accommodations for three different service-connected disabilities that have a combined rating of 90%. There is only one more category available under the rating schedule and that is the category that Ms. Minter is seeking and that is a total rating. Under the correct interpretation of this regulation, the board was required to. Ms. Minter presented below the question of whether or not the board had or had not provided an adequate statement of reasons or basis for why the accommodation set out in the medical evidence was not a protected work environment. There was no mention whatsoever in the board's decision. What the court decided below was that they could rely upon the statement related to sedentary work that is in those reports. The problem with that is that sedentary work does not appear in the regulation. So whether Ms. Minter can or cannot perform sedentary work is not the measure under the regulation. Clearly we cannot evaluate a fact-finding and you cannot be asking us to and I know you are well aware of this, be evaluating whether or not a correct decision was made about whether the number of accommodations necessary for this particular veteran rise to the level of marginal because that would be at best application of a lot of fact. What precisely is the legal point? Is the legal point that the board applied the burden on the wrong person, put the burden on her rather than it assuming the burden of disproving marginal employment or is your argument that they totally failed to conduct the analysis at all and that is a problem under the reg? That is the latter, Your Honor. There was no addressing of this question even though they went at great length over several pages to describe the multiple medical reports on the different disabilities which imposed one accommodation after another upon Ms. Minter's ability in the opinion of the VA examiner that Ms. Minter would be able to obtain sedentary employment. The record reflects that Ms. Minter has not had employment since 2009. There is no affirmative evidence in the record that Ms. Minter could work with the disabilities that she has. There is merely a medical opinion that speculates that she would be able to secure and obtain sedentary employment. Following up on Judge Moore's question, on page 2 of the opinion below, there is a listing of those accommodations and the very next paragraph talks about whether this would be marginal work or not and so I don't, whether this would be marginal employment or protected work environment so I don't see how you are correct in saying the board didn't address it. I'm sorry, Your Honor, in the board opinion. I'm looking at VA too. In the court's opinion. Veterans, yes. Yes, but I believe Your Honor is not reading the decision correctly. The paragraph, are we talking about the final paragraph at the bottom of page 2? Yes, which follows the listing of those accommodations that you were talking about. The court there is describing Ms. Minter's reasoning. The court is not describing what the board did. You said the board didn't consider her argument is what I understood you to be saying. The board did not consider the accommodations that were identified in the medical evidence in terms of the entitlement to an extra scheduler total rating under 4.16 if there is a protected work environment. The board discussed at length the multiple accommodations that were required. The failure, the error of the board was not to then go on and say whether that did or did not constitute a protected work environment. The court narrowed the reading of this regulation to exclude any protected work environment other than a family business or a sheltered workshop. Those are merely examples under the regulation. I don't think the court limited it to, no they said Ms. Minter's ability to do sedentary work would be limited to a protected work environment such as a family business or sheltered workshop. I don't read the court's decision as limiting its analysis to those two, but rather saying nothing in this record indicates that she would be limited to a protected work environment such as those kinds of places. I'm not following your argument. Our argument is your honor that first the VA does not define other than giving the two examples what a protected work environment is. We assert that the correct interpretation of 4.16A is that the phrase protected work environment must address when the evidence raises the question of multiple accommodations for multiple disabilities. What the board did was to identify the multiple accommodations and then was silent on the question as to whether or not those multiple accommodations do or do not constitute a protected work environment. I'm having trouble with that because in the paragraph that it really precedes the discussion of the protected work environment, all of those accommodations are listed and then the court goes on to discuss the very issue you're talking about. I want to talk about something else. You just said that the VA does not define what a protected work environment is. That being the case, there's not really a legal issue for us here. Instead, what the court did was applied the law to the facts, which is something that we don't have jurisdiction to review, right? With respect, your honor, I do not believe that that is correct. The court below rejected the error alleged by Ms. Minter's attorney below that said the board had an obligation under 7104D to provide an adequate statement of reasons or bases to every material issue. The material issue in this case was protected work environment. Protected work environment was not addressed by the board. The veterans court then said that you get a pass board on that because these records didn't raise it, but they didn't raise it in the context of sedentary work as being limited to, but that's not the test as to whether or not secondary work limits the veteran from only working in a protected work environment. Under the VA's regulations, there are three ways to get an extra schedule or total rating. You have no earnings as a result of your service-connected disabilities, which is in fact the record in this case, or there is evidence that you may be able to work, and there is evidence in this record that they may be able to work, but the second criteria is you get them if you work, but you can't make more than the poverty level. But if you work in a protected work environment, there is no limitation with the protected work environment. What is absent from this record is any analysis by the board as to whether or not the accommodations allow her to perform sedentary work outside of a protected work environment. That is inferred by the court and was not addressed at all by the board. That goes to our second argument under 7104A that the court permitted the board to rely upon total speculation that sedentary work would equate to substantial gainful occupation. Substantial gainful occupation requires that sedentary work to produce, if it's not in a protected work environment, more than the poverty level in earnings. Mr. Carpenter, can I ask you a question back on the first point since I think you're probably into your rebuttal time, but the government offers a view in its red brief of 416, and my question is going to be a legal view, I think. Is it your view that the Veterans Court adopted that view? The government says this protected environment language is simply inapplicable except where the claimant has been working during the TDIU application process in such a job. Do you think the Veterans Court adopted that view? I cannot tell whether they did or they didn't, but presuming for the moment that the government is correct and they did, then that would be incorrect because there is nothing whatsoever. That at least is a legal proposition. Yeah, absolutely. As to whether or not you have to be working, and that's the dilemma under this regulation, particularly as applied by the board in this case, and that goes to the legal question of what is required by 4.16a. Is a veteran who is unable to work supposed to get a job in order to be able to demonstrate that they are entitled to the determination? That's an absurdity. That is a completely ridiculous interpretation of this regulation that a veteran, as in this case, who stopped working in 2009, whose conditions are documented to have gotten worse in 2012, she files an application with the extra schedule of total rating in 2012, her combined rating increases from 60 to 90, and then she is supposed to go out and get a job in order to show that if she worked, she would have to work in a protected work environment? There is nothing in the regulation, none of those words say that, as impenetrable in my view as 4.16 is to understand. What does on a facts found basis mean as opposed to making stuff up? Is that language doing any work? Well, I guess we have to assume that it's intended to mean something. What we read that language to mean, particularly in the context of this case, is that when you have medical records that outline accommodations, then you need to address those accommodations in terms of whether there is or is not a protected work environment. Okay, Mr. Carpenter, let's take the rest of your time for rebuttal. Ms. Moses? May it please the court, the protected work environment category is an exception to the rule disallowing a TDIU rating when the veteran is earning income that exceeds the poverty level. Essentially, Ms. Mentor is seeking an advisory opinion to address when the protected work environment category is applicable. The board has done all the analysis that 4.16A requires it to do, which is to determine whether the veteran, in light of her service-connected disabilities, can pursue and maintain substantially gainful employment. It has done that. It has looked at her work history, her educational background, and also her service-connected disabilities, and determined that she is still capable of securing and maintaining substantially gainful employment. The 4.16A does not require the board to go on to determine whether any employment that she might seek or might obtain would fit within the protected work environment category. It's only applicable when the veteran is earning income. I guess I want to focus on that for a minute. First of all, that seems to me to be a legal interpretation, so that if the Veterans Court adopted it, we would have jurisdiction to review that interpretation, as opposed to the way that at least I read the Veterans Court opinion, which I don't think makes any reference to this notion that that phrase about protected environment applies only to work that the applicant is in fact doing, as opposed to could do. So I took the Veterans Court opinion to say we just think that there isn't enough evidence here to show that there is no substantially gainful employment, including employment outside a protected environment, to qualify her for TDIU. So I guess I'm a little baffled by the way that you're injecting what is a real legal issue here that I don't think the Veterans Court actually resolved. Your Honor, you're correct. Do you need this point? No, because what the Veterans Court concluded is that the board provided adequate reasons and bases for determining that the veteran can pursue and maintain substantially gainful employment, and concluded that there's nothing about this case that raises this issue or this category regarding protected work environment, and that would be whether the record reasonably raises any issue as a question of fact over which this court does not have jurisdiction. To reach the conclusion regarding substantially gainful employment, we are necessarily concluding that Ms. Minter is not limited to marginal employment. Can I ask you a general practice question that probably goes more to Mr. Carpenter's second argument than to the first? How does the board and the VA generally go about making a market availability determination? That is, what jobs are available? Is it always the evidence submitted by a doctor or some examiner that says the claimant can do the following things? I'm generally aware, though of course I don't have documentation, statistical or otherwise, that jobs are available for somebody who can do that sort of thing. Is there anything more systematic about it? This court in Smith clearly states that the VA is not required to determine whether jobs that the veteran can do are available in the marketplace. With respect to determining whether the types of jobs that the veteran can do, here, for example, it's just categorical. She can perform sedentary work, and this is based on her educational background and her work history. She has a history of working as a counselor, so perhaps she could engage in that type of employment. But it doesn't have to go as far as to say whether these jobs are actually available. There is nothing in the duty to assist statute that requires the VA to consult an industrial survey or a vocational expert. All that the VA must conclude is that she is capable of pursuing substantially gainful employment. Do you have anything further? No. For these reasons, we respectfully request that the court affirm the Veterans Court's decision. Ms. Mosley? Mr. Carpenter? Please, Cortez, I understand the government's argument. They have placed Ms. Minter in a catch-22. They are able to rely upon the speculative evidence of VA examiners that there are sedentary works, available out there for her to perform, and that based upon their multiple examinations for her multiple disabilities, if they meet the accommodations set out, then she would be able to get that work. But she's not entitled to the benefit of an analysis under protected work environment because she doesn't have a job. But they're denying her because she can get a job. Your Honors, there is nothing in the language of 4.16A that says that protected work environment is an exception. It is a criteria. It is one of the available options for eligibility. And if you meet that, and here is the real problem with the government's position, under their own regulation, if she gets a job, as they say she can, doing sedentary work, and she makes less than the poverty level, she is still entitled to the benefit. And therein lies the problem with the evidence that the VA relies upon. There is no evidence that even if she could find the job that these collective VA examiners imagine, that she could meet the threshold of poverty to do that. But if she did, would she or would she not be working in a protected work environment where the amount of her income would not be relevant to her entitlement to an extra schedule or total rating? That's the way, that is the correct interpretation, and that is not the interpretation that was relied upon by the Veterans Court. The Veterans Court selectively parsed out the regulation relying upon sedentary employment and failed to require the board to do what the board is required by statute to do, to address whether or not these accommodations do or do not constitute protected work environment. Thank you very much, Ron. Thank you both, counsel. The case is taken under submission.